BENJAMIN B. WAGNER
United States Attorney
GRANT B. RABENN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
  United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-F-09-00025 AWI |
| | ) | |
| Plaintiff, | ) | **REQUEST FOR EXTENSION OF TIME** |
| | ) | **TO FILE OPPOSITION BRIEF;** |
| v. | ) | **DECLARATION OF COUNSEL; AND** |
| | ) | **ORDER** |
| | ) | |
| Jeffrey Alan Brohn, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | Honorable Anthony W. Ishii |
| _____ | ) | |

        Pursuant to the Court's Order of October 19, 2011, the United

States' opposition to Defendant Jeffrey Alan Brohn's motion pursuant

to 28 U.S.C. § 2255 is due on January 23, 2012.  As explained more

fully in the accompanying declaration of counsel, the undersigned

counsel does not believe that he can fully respond to the motion by

January 23, 2012.  Therefore, the United States requests an extension

of time in which to file an opposition brief and an order requiring

the United States' response to be due on or before March 23, 2012.

        This extension of time will be sufficient to allow the United

States to potentially obtain an order from the Court certifying a

1

conflict of interest between Defendant and former counsel. Such an order may be necessary for the United States to fully investigate Defendant's claims of ineffective assistance of counsel and, if necessary, obtain declarations from Defendant's former counsel regarding the facts at issue in the present motion.

The United States provides the accompanying declaration of counsel in support of this request for extension of time to file opposition brief.

Dated: December 15, 2011                Respectfully submitted,

                                        BENJAMIN B. WAGNER
                                        United States Attorney

                                   By:   /s/ Grant B. Rabenn

                                        GRANT B. RABENN
                                        Assistant U.S. Attorney

## DECLARATION OF GRANT B. RABENN

I, Grant B. Rabenn, hereby declare and state as follows:

1. I am employed as an Assistant United States Attorney for the Eastern District of California in Fresno. I make this declaration in support of the United States' request for extension of time to file its responsive pleading. I believe the facts contained in this declaration are true and correct. If called to testify, I would and could testify accordingly.

2. I did not handle the criminal prosecution of Jeffrey Alan Brohn. I was assigned to this case for the purpose of responding to Brohn's motion made pursuant to 18 U.S.C. § 2255. On September 7, 2011, I received the court's order requiring the United States to file a responsive pleading to Brohn's motion made pursuant to 18 U.S.C. § 2255.

3. On October 14, 2011, the United States filed a request for extension of time to file its opposition brief based on the fact that Defendant had asserted numerous grounds for appeal, including a claim of ineffective assistance of counsel, which requires a detailed review of transcripts of court proceedings. Because Defendant did not provide the United States with copies of the court transcripts, the United States was required to obtain those transcripts on its own.

4. On October 19, 2011, the Court granted the United States' request for an extension of time, which extended the deadline for the United States to file its responsive pleading to January 23, 2012. Since that time the United States has worked diligently to obtain the numerous court transcripts relevant to Defendant's motion.

5. In addition to obtaining numerous court transcripts, the

3

United States must also investigate the facts underlying Defendant's claims of ineffective assistance of counsel. An overview of the potential facts at issue is provided below.

6. As background, Defendant was first charged on August 14, 2008 in related case United States v. Brohn (1:08-cr-00271 AWI) for (1) use of interstate facility of interstate commerce to induce minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422 and (2) travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2422(b).[1] Several months later, Defendant was charged on January 22, 2009 in the present case United States v. Brohn (1:09-cr-00025 AWI) for failing to register as a sex offender in violation of 18 U.S.C. 2250(a). See Court Record ("C.R.") 1. A plea agreement settling both cases was entered March 30, 2009. See C.R. 7.

7. Defendant was represented by three separate attorneys at different times throughout these proceedings; he has asserted ineffective assistance of counsel claims against all three attorneys.

8. Defendant was first represented by Assistant Federal Defender Doug Beevers. On August 9, 2008, Defendant filed a motion to set aside the plea agreement. The arguments asserted in that motion implicated the sufficiency of advice provided by Mr. Beevers to Defendant during plea negotiations and entry of the plea. See C.R.s 8 (Defendant's Motion to Set Aside Plea Agreement) and 17

---

[1] On January 22, 2009, a superceding indictment was filed against Defendant, charging him with coercion and enticement in violation of 18 U.S.C. § 2422(b) and travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and (e).

(Declaration of Defendant); see also C.R. 14 at 3 (Government's Consolidated Opposition to Motion to Withdraw Knowing, Intelligent, and Voluntary Guilty Pleas)(noting that "... it would be inappropriate for current counsel to continue to represent the defendant, because the defendant has - in essence - indicated that current counsel [Doug Beevers] was ineffective by not advising the defendant of the status of negotiations to resolve his case and by not presenting him with discovery before his pleas were entered").

9. As a result of Defendant's motion, the Honorable Judge Oliver W. Wanger granted Mr. Beevers permission to withdraw as counsel on August 21, 2009. See C.R. 18 (Minutes for Proceedings). The court also ordered appointment of panel attorney Barbara O'Neil as counsel for Defendant. See id. On February 11, 2010, the court denied Defendant's motion to set aside the plea agreement. See C.R. 23 (Minutes for Proceedings).

10. Approximately two months later, on April 12, 2010, Defendant filed a new set of motions requesting that the plea agreement be set aside. See C.R.s 30 and 31. Defendant also filed a motion to proceed pro per until new counsel could be appointed replacing Ms. O'Neil. After hearing in camera testimony from Ms. O'Neil on the sufficiency of Defendant's counsel, the Court denied Defendant's motion. See C.R. 33 (Minutes of Proceedings). The court also denied Defendant's new set of motions to set aside the plea agreement. See id.

11. On June 1, 2010, the court appointed Carolyn D. Phillips as appellate counsel for Defendant. See C.R. 37. The following day, Defendant filed notice of decision not to pursue appeal. See C.R. 38.

12. Almost a year later, on May 31, 2011, Defendant filed the present motion. See C.R. 40. Among the fifteen "grounds" for relief asserted by Defendant in the present motion are several ineffective assistance of counsel claims. See id.

13. First, Defendant asserts that "substituted counsel" (likely referring to Ms. O'Neil) failed to provide sufficient legal services regarding an "evidentiary hearing" and during the sentencing proceedings. See id. at 2.

14. Second, Defendant asserts that he "was unaware of the opportunity to appeal any or all of the adverse actions taken in the District Court." Defendant also claims that he "was advised by counsel that this was the end of the line ... and to 'take your medicine.'" See id. at 3. This argument appears to refer to Ms. Phillips given that she was appointed to advise Defendant on his appellate rights.

15. Third, Defendant asserts that "[c]onflict of [i]nterest between counsel and defendant and following substitution of counsel caused harmful error to defendant." See id. at 8. This argument appears to refer to the counsel provided by Mr. Beevers in that it refers to "negotiations with the government ... [on] March 27, 2010." See id. As of March 27, 2010, Mr. Beevers was still counsel for Defendant. Defendant makes similar assertions of ineffective assistance of counsel against Mr. Beevers in later parts of the present motion. See id. at 9.

16. In sum, Defendant asserts new and renewed ineffective assistance of counsel claims against all three of his former attorneys. An investigation into these claims not only requires a detailed review of the transcripts but may also potentially involve

further investigation into the legal advice provided by Defendant's former attorneys to Defendant. However, such investigation may implicate privileged attorney-client communications between Defendant and his former attorneys. If this is indeed the case, the United States would be required to obtain an order from the court certifying a conflict interest between Defendant and his former attorneys. The time required to determine if such a motion is necessary (and then, if necessary, obtain declarations from Defendant's former attorneys) will exceed the current filing deadline of January 23, 2012. As such, the United States respectfully requests that the Court grant an extension of time for the United States to file its opposition brief to March 23, 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Fresno, California on October 15, 2011.

/s/ Grant B. Rabenn
GRANT B. RABENN

7

BENJAMIN B. WAGNER
United States Attorney
GRANT B. RABENN
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-F-09-00025 AWI |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| Jeffrey Alan Brohn, | ) | |
| Defendant. | ) | Honorable Anthony W. Ishii |

1. Good cause having been shown, the United States' request for an extension of time to file its opposition brief is granted.

2. The United States shall file its opposition brief on or before March 23, 2012.

3. The movant's reply, if any, shall be filed and served within 30 days of service of respondent's opposition.

IT IS SO ORDERED.

Dated: _____December 16, 2011_____          _____
                                            CHIEF UNITED STATES DISTRICT JUDGE

1